[No. B087864. Second Dist,. Div. Two. June 29, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
KENNETH LESTER VESSELL, Defendant and Respondent.

COUNSEL

Gil Garcetti, District Attorney, Brent Riggs and Diana L. Summerhayes, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Lisa-Marie Krause and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.

OPINION

NOTT, J.—This case of first impression presents the question of whether the "three strikes" law prevents a trial judge from sentencing a "wobbler" as a misdemeanor. We hold that it does not.

The People appeal from a judgment entered following respondent Kenneth Lester Vessell's no contest plea to a charge that he violated Penal Code section 273.5, subdivision (a),[1] after he punched his girlfriend and pushed her against a wall during an argument on April 23, 1994. Under the provisions of section 17, subdivision (b), the trial court reduced the crime to a misdemeanor, imposed sentence, and granted probation. We affirm.

---

[1] All subsequent code section references are to the Penal Code unless otherwise indicated.

CONTENTS

The People urge that (1) they have the right to appeal from the imposition of an unlawful sentence; (2) section 17 conflicts with the legislative intent of section 667; (3) by requiring a state prison term, section 667 has restricted the trial court's power to impose a misdemeanor sentence; (4) the Legislature has the power to restrict the application of section 17; and (5) the trial court improperly engaged in plea bargaining.

PROCEDURAL BACKGROUND

Respondent was charged with a violation of section 273.5, subdivision (a),[2] which is punishable either as a felony or a misdemeanor in the discretion of the court. It was further alleged, pursuant to section 667, subdivisions (b) to (i), that in August 1987, respondent suffered a prior conviction for a serious or violent felony in the form of assault with a firearm in violation of section 245, subdivision (a)(2), with a section 12022.5 allegation. It was also alleged, pursuant to section 667.5, subdivision (b), that this same prior conviction resulted in a prison term.

On July 18, 1994, the matter was called for trial. Respondent pleaded no contest to the section 273.5 violation and admitted the truth of the prior conviction. On August 1, 1994, under section 17, subdivision (b)(1), the trial court reduced the charge to a misdemeanor, sentenced defendant to serve 365 days in county jail after a waiver of credit for time already served in custody, and granted probation.

This appeal followed.

DISCUSSION

I. *Right to Appeal.*

■ Respondent challenges the People's right to appeal under section 1238.

---

[2]At the time of the offense, that section provided: "Any person who willfully inflicts upon his or her spouse, or any person who willfully inflicts upon any person of the opposite sex with whom he or she is cohabiting, or any person who willfully inflicts upon any person who is the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both."

Under section 1238, subdivision (a)(10), the People have the right to appeal from "[t]he imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence. . . ." That section defines "an unlawful sentence" as "the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."

The People's argument on appeal is that section 667, commonly known as the "three strikes" law, mandates a state prison term, and therefore the trial court's reduction of the felony charge to a misdemeanor without a resulting state prison term was not authorized by law. We agree with the People that the appeal is based not on the sentence of probation itself but on the trial court's failure to apply section 667, resulting in an arguably unlawful sentence. Accordingly, we need not address the People's alternative arguments regarding appealability under section 1238, subdivision (a)(1), (a)(4) and (a)(8).

II.   *Section 17 Does Not Conflict With the Legislative Intent of Section 667.*

A.   *The Legislative Intent of Section 667 and Section 17, Subdivision (b).*

A statute must be construed so as to conform to the legislative purpose, in light of the context of the entire scheme of law of which it is a part. (*Lambert Steel Co.* v. *Heller Financial, Inc.* (1993) 16 Cal.App.4th 1034, 1040 [20 Cal.Rptr.2d 453].) When the language of a statute is clear, the court should follow its plain meaning. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) The courts assume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules. (*Scott Co.* v. *Workers' Comp. Appeals Bd.* (1983) 139 Cal.App.3d 98, 105 [188 Cal.Rptr. 537, 34 A.L.R.4th 949].) However, a particular or specific provision will take precedence over a conflicting general provision. (Code Civ. Proc., § 1859; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687].) Moreover, " '[a] basic rule of statutory construction is that two potentially conflicting statutes must be construed whenever possible in such a manner that harmonizes and gives effect to both. [Citations.]' [Citation.]" (*Michaelis* v. *Schori* (1993) 20 Cal.App.4th 133, 136 [24 Cal.Rptr.2d 380].)

Section 667 was amended to include the three strikes legislation, effective March 7, 1994. The amendment significantly increases the sentence of

persons convicted of any felony offense who have previously been convicted of one or more serious or violent felonies. The stated purpose is to ". . . ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).)

The People urge that section 667, subdivision (c) and the sentencing provisions of subdivision (e) were intended to supersede any other provision of law, including section 17, subdivision (b), which states, in part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. . . ."

Specifically, the People point to section 667, subdivision (c) which provides, in pertinent part: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense. [¶] . . . [¶] (4) There shall not be a commitment to any other facility other than the state prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center. . . ."

The People cite *In re Marriage of Dover* (1971) 15 Cal.App.3d 675, 678, at footnote 3 [93 Cal.Rptr. 384], for the proposition that the words "Notwithstanding any other provision of law" in a statute make that statute "sui generis" and controlling over both statutory and decisional law. Thus, the People contend, section 17, subdivision (b)(1) is contrary to the intent of section 667, and the trial court erred in applying its terms.

We disagree with the People's contention. We conclude that the legislative intent of section 17, subdivision (b)(1), as evidenced by its plain language, is to grant to the trial court discretion to decide whether certain crimes should be classed as misdemeanors or felonies after due consideration by the trial court of all the facts evinced prior to sentencing. That purpose does not conflict with the legislative intent of the "three strikes" law. Therefore, section 667, and section 17, subdivision (b)(1) were properly applied by the trial court.

B.  *For Purposes of Section 17, Subdivision (b), a Conviction Is Not Had at the Time of the Plea.*

The People assert that whether a crime is a felony for purposes of section 667 is determined at the time of the plea, referring to the general definition of a conviction contained in section 689 which states: "No person can be convicted of a public offense unless by verdict of a jury, accepted and recorded by the court, by a finding of the court in a case where a jury has been waived, or by a plea of guilty." Thus, the People reason that because appellant was convicted of a felony at the time of the plea, his crime was immediately subsumed under section 667, subdivision (c), which supersedes section 17, subdivision (b)(1). Therefore, the People conclude, "wobblers" do not fall within section 17, subdivision (b)(1), but rather, within section 17, subdivision (a), which states: "A felony is a crime which is punishable with death or by imprisonment in state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

Section 667, subdivision (c) clearly states that the defendant must have been *convicted of a felony* for 667 to apply, but does not contain within its terms a definition of the word "conviction." "As appears in the case law, the terms 'convicted' or 'conviction' do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon. [Citations.]" (*Boyll* v. *State Personnel Board* (1983) 146 Cal.App.3d 1070, 1073 [194 Cal.Rptr. 717], original italics.)

We find *People* v. *Allen* (1961) 189 Cal.App.2d 706, 709-710 [11 Cal.Rptr. 440], to be instructive. There, the defendant suffered a prior conviction for narcotics possession which was punishable either as a felony or a misdemeanor. He ultimately served his sentence at county jail. The court found that the defendant had therefore been convicted of a misdemeanor and that the defendant incorrectly stated at the trial on the current charges that he had been convicted of a felony. (*Ibid.*) Similarly, we find respondent here to have been convicted of a misdemeanor. Simply put, he has not suffered a felony conviction for the purposes of section 667.

Moreover, section 17, subdivision (b)(1) states that subsequent to the trial court's imposition of a punishment other than state prison, the crime "is a misdemeanor *for all purposes.*" (Italics added.) In *People* v. *Hannon* (1971) 5 Cal.3d 330, 340 [96 Cal.Rptr. 35, 486 P.2d 1235], our Supreme Court

considered the meaning of the phrase "a misdemeanor for all purposes" in the context of a juvenile defendant's commitment to the California Youth Authority (CYA) under section 17, subdivision (b)(2).[3] After almost two years at the CYA, the defendant was returned to the trial court as unsuitable for the program. Finding the term, "a misdemeanor for all purposes," to be plain and unequivocal, the Supreme Court held that section 17, subdivision (b)(2) did not condition the misdemeanor classification upon successful completion of the CYA term and reversed the judgment of the trial court sentencing the defendant to state prison after his rejection by the CYA. (*Hannon* at p. 334.) *Hannon* thus substantiates our view that a fair reading of section 17, subdivision (b)(1) illustrates the intent of the Legislature to give the trial court unconditional discretion in treating a crime as a misdemeanor for all purposes, including the present situation.

Section 667, subdivision (d) lends support to our conclusion by providing an exemption from its definition of prior convictions for those "wobbler" convictions which have been transformed through sentencing to a misdemeanor. It states, in pertinent part: "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed *unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.*" (Italics added.) On the other hand, the statute specifically includes within its definition of prior convictions those convictions where imposition of sentence or judgment was suspended, execution of sentence was stayed, or the defendant was committed to particular institutions other than state prison. (§ 667, subd. (d)(1)(A)-(D).) Nor do we believe that the Legislature's failure to specifically exempt current "wobbler" convictions is indicative of an intent to include them within the purview of section 667. Our review of the legislative history of the recent amendments to section 667 shows no reference to current convictions which are "wobblers." Rather, the legislative history focuses on prior felony convictions. The People's attempt to repeal section 17, subdivision (b)(1) is by implication only, which is a disfavored avenue. (*People* v. *Siko* (1988) 45 Cal.3d 820, 824 [248 Cal.Rptr. 110, 755 P.2d 294].) Since the Legislature has carved out an exception in its sentencing scheme for prior convictions subsequently reduced to misdemeanors, we conclude that current convictions reduced to misdemeanors are likewise exempted from the definition of felony convictions.

The People's citation to *People* v. *Booker* (1994) 21 Cal.App.4th 1517, 1521 [26 Cal.Rptr.2d 715] is not persuasive. That case merely states that the

---

[3]That section provides that a "wobbler" is a misdemeanor for all purposes "[w]hen the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor." (§ 17, subd (b)(2).)

sentencing discretion to reduce felonies to misdemeanors under section 17, subdivision (b)(1) does not apply until a defendant is convicted. The People attempt a leap in logic by then citing *People* v. *Balderas* (1985) 41 Cal.3d 144, 203 [222 Cal.Rptr. 184, 711 P.2d 480], and arguing that "[a] wobbler charged as a felony 'is deemed a felony for all purposes' until time of judgment," hoping to draw the inference that a felony wobbler would automatically come within the scope of section 667 right after the plea is taken, since a conviction is obtained prior to judgment. However, the People's citation is taken out of context. *People* v. *Balderas* deems a section 17 case to be an exception to the characterization of a felony wobbler as a felony for all purposes and actually states: "And a felony-misdemeanor offense is deemed a felony for all purposes with specific exceptions not relevant here. (§ 17; [citation].)" Indeed, as previously mentioned, section 17, subdivision (b) itself states that application of its terms requires the crime to be considered "a misdemeanor for all purposes."

Those cases which the People cite for the proposition that respondent had suffered a felony conviction at the moment he entered his guilty plea, regardless of subsequent events, do not address section 17, subdivision (b)(1). Rather, those cases concern whether a felony conviction occurs upon the defendant's guilty plea or verdict in a *prior* felony conviction. In *People* v. *Rhoads* (1990) 221 Cal.App.3d 56 [270 Cal.Rptr. 266], the defendant had not yet been sentenced on a violation of Health and Safety Code section 11378 (possession of methamphetamine for sale) when he was found guilty of a second charge of section 11378, among others. The ability of the trial court to reduce a felony to a misdemeanor under section 17, subdivision (b)(1) was not at issue. That is, the court discussed the definition of the term "conviction" in the context of Health and Safety Code section 11370.2, subdivision (c), which requires additional punishment for a subsequent conviction "whether or not the prior conviction resulted in a term of imprisonment." Significantly, although recognizing that the issue was not presently before it, the court stated that it would be unjust to impose an enhanced sentence based upon a prior conviction which was subsequently invalidated by withdrawal or rejection. (221 Cal.App.3d at p. 60, fn. 3.)

In other cases referred to by the People, the judgment had not been rendered or an appeal was pending for the first offense at the time the defendant was convicted of the second offense. (See *People* v. *Johnson* (1989) 210 Cal.App.3d 316, 323-325 [258 Cal.Rptr. 347] [judgment not rendered on first conviction because defendant escaped]; *People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758] [sentence on first conviction on appeal during trial on second conviction]; *People* v. *Loomis* (1965) 231 Cal.App.2d 594 [42 Cal.Rptr. 124] [prior conviction not vacated at time defendant committed second offense].)

We find that the more specific provisions of section 17, subdivision (b)(1) do not conflict with the general provisions of section 667. That is, a trial court may exercise its discretion under the more specific provision of section 17, subdivision (b)(1) without considering section 667. We conclude that because the trial court reduced the crime to a misdemeanor under section 17, subdivision (b)(1), respondent was not convicted of a felony, and section 667 does not apply.

C.   *Section 667 Does Not Restrict the Trial Court's Power to Impose a Misdemeanor Sentence.*

The People also urge that section 667, subdivision (c)(4), by setting forth specific punishment, voids the trial court's power under section 17, subdivision (b)(1). Section 667, subdivision (c)(4) provides, in pertinent part: "There shall not be a commitment to any other facility other than the state prison." The People also cite subdivision (c)(2), which provides, in part: "Probation for the current offense shall not be granted."

While we agree that section 667, subdivision (c)(4) provides specific punishment which would apply in general to two or three strikes cases, we do not believe that the Legislature intended to vitiate section 17 by that language. Section 667, subdivision (c)(4) mandates a commitment to state prison where a felony with one or more priors has been committed. As previously discussed in part II.B., a wobbler cannot be classed as a felony until sentencing. Here, because the trial court exercised its discretion under the specific provisions of section 17, subdivision (b)(1), section 667 did not come into play, and hence, section 667, subdivision(c)(4) does not apply.

During oral argument, the People referred to statutes which require that subsequent convictions of the particular statute are punishable by imprisonment in state prison upon the commission of certain delineated priors.[4] We

---

[4]Section 314, subdivision (1) states, in pertinent part, that lewd or obscene conduct and indecent exposure shall be a felony punishable by imprisonment in state prison upon a first conviction after a previous conviction under section 288, or upon the second and each subsequent conviction under subdivision 1 of section 314.

Section 646.9, subdivision (c) provides, in pertinent part, that a person convicted of a felony under that section, who commits second or subsequent violations of the section, shall be punished by imprisonment in state prison.

Section 647.6 provides, in pertinent part, that any person who annoys or molests any child under 18 is punishable upon the second and each subsequent conviction by imprisonment in the state prison.

Section 12025, subdivision (b)(1) states, in pertinent part, that carrying a concealed weapon is punishable as a felony where the person has been previously convicted of a felony.

reject the People's attempt to compare section 667 to those statutes. Section 667, subdivision (c)(4) requires the *current* offense to be a felony conviction in order for its increased sentencing provisions to apply. By contrast, those statutes cited by the People require a subsequent offense to be deemed a felony only if the defendant has suffered prior felony convictions.

At oral argument, the People conceded that under section 17, subdivision (b)(5), a magistrate is given the discretion to determine that an offense is chargeable as a misdemeanor. However, the People contended that the superior court has been stripped of any similar discretion. Hence, the People agreed that unless a prior could be proven at the preliminary hearing, the magistrate's discretion exceeds that of the trial court. Such a result would be incongruous at best, since at the preliminary hearing stage, the municipal court ordinarily has only limited evidence before it. The superior court, however, receives into evidence the transcript of the preliminary hearing. Additionally, it may have live witness testimony in the course of a full trial. It also may have a probation report to guide its sentencing decision. To conclude that the Legislature intended to confer more discretion on the municipal court than on the superior court is illogical and unsupported by section 667.

The importance of judicial discretion cannot be overemphasized, especially in this situation, where the respondent's prior crime was committed in 1987, and his current offense was relatively minor. Respondent is by no means the type of career criminal targeted by section 667. Moreover, although the People fear that the increasingly congested court calendars will prompt the courts to hastily dispatch cases by ill-judged application of section 17, subdivision (b)(1), we presume that the courts will exercise their decisionmaking in a reasoned, informed and dispassionate manner rather than in a "rush to judgment." (*People* v. *Hernandez* (1984) 160 Cal.App.3d 725, 739 [206 Cal.Rptr. 843].) Furthermore, any unrestrained action of a judicial officer may be regulated by Code of Civil Procedure section 170.6.[5]

Accordingly, we find that section 667 does not specifically or by implication restrict the trial court's power to impose a misdemeanor sentence under section 17, subdivision (b)(1). Having so concluded, we have

---

[5]That section provides that "[n]o judge, court commissioner, or referee of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding."

addressed and rejected the People's argument that the Legislature exercised its power to restrict the application of section 17, subdivision (b)(1).

### III. *Plea Bargaining.*

█ The People finally urge that the trial court's "indication that it would reduce the crime to a misdemeanor if the defendant entered a plea of nolo or guilty" constituted an illegal plea bargain between the court and the defendant.[6]

The People state the general proposition that plea bargains reached between the court and the defendant in which the court has struck a criminal charge over the objection of the prosecutor have been uniformly overturned, citing *People* v. *Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Woodard* (1982) 131 Cal.App.3d 107 [182 Cal.Rptr. 254]; and *People* v. *Anderson* (1982) 129 Cal.App.3d 491 [181 Cal.Rptr. 68]. In each of those cases, the People did not agree to the arrangement by which the charges against the defendant were disposed, objected to the plea bargain at the time it was entered, and stated that the People were ready to proceed to trial. (See *People* v. *Orin, supra,* at p. 943; *People* v. *Woodard, supra,* at pp. 109-111; *People* v. *Anderson, supra,* at p. 493.)

It is true that under a plea bargain, the defendant may bargain with the People to be permitted to plead to a lesser charge and such a bargain requires the approval of the court. (*People* v. *Superior Court (Smith)* (1978) 82 Cal.App.3d 909 [147 Cal.Rptr. 554]; §§ 1192.1, 1192.2, 1192.4, 1192.5.) However, where the defendant pleads guilty to all charges, all that remains is the pronouncement of judgment and sentencing; there is no requirement that the People consent to a guilty plea. (*Ibid.; People* v. *Superior Court (Ramos)* (1991) 235 Cal.App.3d 1261, 1271 [1 Cal.Rptr.2d 333]; § 1016, subd. 1.) In that situation, the trial court may give an "indicated sentence" which falls within the "boundaries of the court's inherent sentencing powers." (*People* v. *Superior Court (Ramos), supra,* at p. 1271.)

Here, the record shows that the court gave an indicated sentence and respondent entered into an open plea. We conclude that the trial court properly exercised its sentencing discretion and did not participate in an illegal plea bargain.

---

[6]Respondent does not address this argument.

## DISPOSITION

The judgment is affirmed.

Boren, P. J., and Fukuto, J., concurred.

A petition for a rehearing was denied July 24, 1995, and appellant's petition for review by the Supreme Court was denied September 28, 1995. Kennard, J., and Arabian, J., were of the opinion that the petition should be granted.