[No. B088543. Second Dist., Div. Four. July 19, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL JOSEPH TRAUSCH, Defendant and Respondent.

1240

COUNSEL

Gil Garcetti, District Attorney, George M. Palmer, Brent Riggs and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Alex Ricciardulli, Paul Enright and Tracy A. Mooney, Deputy Public Defenders, for Defendant and Respondent.

OPINION

HASTINGS, J.—The People appeal the decision of the trial court to sentence Michael Joseph Trausch to county jail after he plead guilty to second degree burglary (Pen. Code, § 459),[1] "a wobbler," and admitted prior convictions which qualify as "strikes" under the "three strikes" law, section 667, subdivisions (b) through (i).[2] The People contend that because the three strikes law applied to the situation the court was without authority to reduce the burglary conviction to a misdemeanor and avoid the three strikes sentencing scheme. We disagree and affirm.

[1]All further statutory references are to the Penal Code unless otherwise noted.

[2]Section 667, subdivisions (b) through (i), was the initial "three strikes" law, enacted as emergency legislation on March 7, 1994. (Stats. 1994, ch. 12, § 1.) Section 1170.12, a subsequent and substantially identical "three strikes" law, was added and operative on November 8, 1994, with passage of Proposition 184. (Prop. 184, § 1.) In the instant case, Trausch was charged on July 5, 1994, with a June 7, 1994, violation of section 459, second degree commercial burglary, and convicted of that charge on September 12, 1994. Accordingly, our discussion of the three strikes law does not encompass section 1170.12, which did not exist at that time.

FACTUAL AND PROCEDURAL SUMMARY

The record reflects that on June 7, 1994, around 7:30 a.m., Trausch, apparently a transient, broke a window of the closed Patticakes Bakery in Altadena and took a chocolate cake topped with fresh strawberries. Shortly afterward he was apprehended. When he committed this act, he was on probation in case No. GA001931 (People v. Trausch (Super. Ct. L.A. County, 1990)) for conviction of burglary in 1990. In that case, he had been sentenced to six years in state prison, but the court stayed imposition of sentence and placed him on probation.

In the instant case, Trausch was charged with felony second degree commercial burglary and was alleged to have suffered four prior convictions within the meaning of the three strikes law (§ 667, subd. (b) through (i), see fn. 2, *ante*) and three prior felony convictions for which he served separate prison terms (§ 667.5, subd. (b)).[3]

When the matter was called for possible disposition, the court announced that if Trausch were to plead guilty in the current case and admit the priors, the court would utilize its inherent powers pursuant to *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], rather than under section 17, subdivision (b)(1) (hereafter section 17), and commit Trausch "to county jail for one year, and, therefore, by my act reduce this [current offense] to a misdemeanor."[4] The court added that it would also find him in violation of probation in case No. GA001931 and order execution of the six-year sentence. Trausch agreed, entered a plea of guilty, and admitted the truth of all allegations of prior convictions.

At sentencing, the court reviewed the facts of the instant offense and Trausch's history and stated: "I cannot sentence [Trausch] to state prison for this long period of time over chocolate cake." The court then imposed

---

[3]Trausch was alleged to have been convicted of residential burglary (§ 459) on or about August 15, 1972, and to have suffered two other convictions for residential burglary and one conviction for robbery (§ 211) on or about May 18, 1979. The 1972 conviction was in Los Angeles Superior Court case No. A514185 and the 1979 convictions occurred in case No. A554967. The prior prison term allegations arose from his convictions on February 8, 1988, May 18, 1979, and August 15, 1972, respectively, in Los Angeles Superior Court case Nos. A575477, A554967, A514185.

[4]The court actually referenced section 17.5, subdivision (b), but we conclude it meant section 17, subdivision (b)(1).

sentence, stating: "In this case, because the defendant had taken the chocolate cake to provide himself with the necessity of life, and because he acknowledged wrongdoing at a very early stage in the criminal proceedings, the court will commit [Trausch] to the county jail for one year." The court then concluded that the three strikes scheme was not triggered: "Because the court has sentenced the defendant to a straight up—to county jail for one year, therefore, [it has] reduced this case to a misdemeanor, and, therefore, the four special allegations will not apply." The sentence was imposed over objection of the People.[5] The court then found that Trausch had violated probation and ordered execution of the six-year sentence previously stayed in case No. GA001931.

### DISCUSSION

#### 1. The Court's Authority to Select a Misdemeanor Sentence Over a Felony Sentence

■ There is no doubt the trial court deliberately chose to select a misdemeanor sentence in order to avoid imposition of the three strikes sentencing scheme. The court purported to act in reliance on *People* v. *Tenorio, supra,* 3 Cal.3d 89. We believe that the trial court's reliance on *Tenorio* was misplaced.

In *Tenorio,* the Supreme Court was faced with whether a trial court could strike an alleged prior conviction in the interest of justice, despite former Health and Safety Code section 11718. That section provided that no prior found to be true " 'may be dismissed *by the court* or stricken from the accusatory pleading *except* upon motion of the district attorney.' (Italics added.)" (*People* v. *Tenorio, supra,* 3 Cal.3d at p. 94.) The court found this statute "violative of the California constitutional separation of powers, as that concept demands that the branches of government be coequal and that a prosecutor not be vested with power to foreclose the exercise of a judicial power recognized in section 11718 itself." (*Id.* at p. 95, fn. omitted.)

By citing *Tenorio,* it appears the trial court was relying on the separation of powers doctrine to reduce the sentence to a misdemeanor. However,

---

[5]Trausch raises the issue of whether the People have a right to appeal from imposition of the sentence, noting that the right of the People to appeal is limited only to those situations listed in section 1238. The People argue that its appeal is from an unlawful sentence which is recognized as an appealable ground in section 1238, subdivision (a)(10). We agree. Although we hold that the sentence imposed was not unlawful, we believe that a claim of unlawful sentence falls within the scope of the right to appeal.

*Tenorio* dealt with the court's inherent power to strike a prior allegation, not the situation presented here. In the instant case, the court did not attempt to strike any of the alleged prior convictions. Rather, it reduced the current conviction to a misdemeanor, a power recognized in section 17.[6]

Section 17 provides in pertinent part: "(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions. [¶] (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, *it is a misdemeanor for all purposes under the following circumstances*: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison." (Italics added.)

Trausch was charged with commercial burglary pursuant to section 459. Burglary is either second degree burglary or first degree burglary. "(a) Every burglary of an inhabited dwelling house, vessel, . . . floating home, . . . trailer coach, . . . or the inhabited portion of any other building, is burglary of the first degree. [¶] (b) All other kinds of burglary are of the second degree." (§ 460.) Burglary of a commercial building is second degree burglary. (*People* v. *Lewis* (1969) 274 Cal.App.2d 912, 921-922 [79 Cal.Rptr. 650]; *People* v. *Warwick* (1933) 135 Cal.App. 476 [27 P.2d 396].) "Burglary is punishable as follows: [¶] . . . [¶] 2. Burglary in the second degree: by imprisonment in the county jail not exceeding one year or in the state prison." (§ 461.) Therefore, second degree burglary is a "wobbler" subject to section 17.[7]

A correct ruling will not be reversed even if the court's reasoning is erroneous. (*People* v. *Richmond* (1991) 2 Cal.App.4th 610, 616 [3 Cal.Rptr.2d 252].) It is clear that the trial court intended to reduce the charge to a misdemeanor but stated an incorrect ground in support of its decision. Therefore, if section 17 is still viable in a situation where the three strikes

---

[6]Because we conclude that this section is applicable when a three strikes situation is presented, it is not necessary to address the issue of separation of powers. We do note that the viability of *Tenorio,* in the context of three strikes, is currently before the Supreme Court in *People* v. *Superior Court* (*Romero*) (1995) 40 Cal.App.4th 183 [37 Cal.Rptr.2d 364], review granted April 13, 1995 (S045097). The People rely upon and discuss *Romero* thoroughly, but because review has been granted, this case no longer has precedential value.

[7]The People argue that section 461 does not include the possibility of a fine, as does section 17, therefore, it does not qualify for treatment under section 17. This is a distinction without substance in the context of the issues presented.

law may be applied, the ruling must stand. Our review turns to the three strikes law to determine if there is any inconsistency between it and the application of section 17.

## 2. *Section 17 and the Three Strikes Law*

The People do not contest the continued viability of section 17 but, instead, urge that the three strikes law supersedes application of section 17. In this regard, the People cite and quote from section 667, subdivision (c) as follows: *"Notwithstanding any other law,* if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (2) *Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense.* [¶] . . . [¶] (4) *There shall not be a commitment to any other facility other than the state prison.* Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center. . . ." (Italics in appellant's brief.) The People argue that these italicized portions of the statute evidence a clear intent by the Legislature that section 17 should not apply when prior qualifying strikes have been pleaded and proved. We disagree.

The People place the emphasis on the wrong language of the passage. Instead, the emphasis should be as follows: *"*Notwithstanding any other law, if a defendant has been *convicted of a felony, and it has been pled and proved that the defendant has one or more prior felony convictions* . . . the court shall adhere to each of the following . . . ." This language makes it clear that the Legislature intended that a person who has been convicted of a new "felony" and also has qualifying "strikes" be sentenced to state prison pursuant to the provisions of the three strikes law. In other words, the "current conviction" must be a felony to trigger application of the three strikes law. Our review turns to whether the nature of the new conviction for purposes of three strikes is determined at the time of the guilty plea or upon sentencing. The parties cite differing lines of cases on this issue.

The People cite *People v. Balderas* (1985) 41 Cal.3d 144, 203 [222 Cal.Rptr. 184, 711 P.2d 480], *People v. Satchell* (1971) 6 Cal.3d 28, 35, footnote 13 [98 Cal.Rptr. 33, 489 P.2d 1361, 50 A.L.R. 383], *People v. Banks* (1959) 53 Cal.2d 370, 381 [1 Cal.Rptr. 669, 348 P.2d 102], and *People v. Morse* (1992) 2 Cal.App.4th 620, 647 [3 Cal.Rptr.2d 343], for the proposition that a "wobbler" charged as a felony is deemed a felony for all purposes until the time of judgment. They also cite *People v. Booker* (1994) 21 Cal.App.4th 1517, 1521 [26 Cal.Rptr.2d 715], for the proposition that

judicial discretion to reduce a "wobbler" charged as a felony under section 17 does not arise until the defendant has been convicted and conclude that the moment Trausch pled guilty to the crime charged he was "convicted" of a felony and the three strikes law was triggered.

Trausch relies upon *Truchon v. Toomey* (1953) 116 Cal.App.2d 736 [254 P.2d 638, 36 A.L.R.1230]; *Helena Rubenstein Internat. v. Younger* (1977) 71 Cal.App.3d 406 [139 Cal.Rptr. 473]; *Boyll v. State Personnel Board* (1983) 146 Cal.App.3d 1070 [194 Cal.Rptr. 717]; and *In re Sonia G.* (1984) 158 Cal.App.3d 18, 23 [204 Cal.Rptr. 498]. He points out that in the context of ". . . a civil disability [which] flows as a consequence of a conviction, the majority and better rule is that 'conviction' must include both the guilty verdict (or guilty plea) *and* a judgment entered upon such [a] verdict or plea." (*Boyll v. State Personnel Board, supra,* 146 Cal.App.3d at p. 1074.) He concludes that the nature of the conviction cannot be determined until judgment has been pronounced. We believe that Trausch is correct, but not for the reason argued.

We conclude that section 17 is sui generis. It specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined *at sentencing.* It applies only to "wobblers" and to no other crimes. It also provides that once the court has imposed a misdemeanor sentence, the offense becomes a misdemeanor "for all purposes."

"The Legislature is deemed to be aware of existing laws when it passes a statute, and to have enacted the new statute in light thereof. (*People v. Hernandez* [1988] 46 Cal.3d [194] at p. 201 [249 Cal.Rptr. 850, 757 P.2d 1013]; *Estate of McDill* (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874].)" (*People v. Bryant* (1992) 10 Cal.App.4th 1584, 1602 [13 Cal.Rptr.2d 601].) Subdivision (d)(1) of section 667 expressly provides that the determination whether a prior felony conviction qualifies as a "strike" "shall be made upon the date of that prior conviction and *is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.*" (Italics added.) Thus, the Legislature clearly recognized the effect of sentencing pursuant to section 17 in the context of the three strikes statute and did not override that effect in its scheme determining whether a prior conviction qualifies as a strike.[8] If the Legislature had intended to abolish or modify the trial court's authority to

---

[8]One of the arguments presented by the People relied upon the fact that in *People v. Banks, supra,* 53 Cal.2d 370, and *People v. Balderas, supra,* 41 Cal.3d 144, pleas of guilty to "wobblers," were later allowed to be used as felony "priors." This is true, but both of these cases dealt with situations different than this. In each case, the defendant had pled guilty, sentence was withheld, and the defendant was placed on probation. In *Balderas,* defendant violated his probation, the court revoked probation and sentenced him to state prison, the

reduce the current offense from a felony to a misdemeanor in the wobbler context, it easily could have done so. It did not.

Accordingly, until the trial court pronounces sentence on the new offense, it cannot be determined if a predicate current "felony" exists for application of the three strikes laws.

Mindful of these principles, we hold that where the trial court has exercised its discretion to impose a punishment other than imprisonment in state prison, which by operation of law renders the conviction a misdemeanor, the three strikes law is not triggered. Therefore, the trial court acted within its jurisdiction in reducing the charge to a misdemeanor.[9]

### 3. *Abuse of Discretion*

■ Appellant alternatively contends that the court abused its discretion in reducing the offense of second degree commercial burglary to a misdemeanor. We find no abuse.

A trial court is vested with abundant discretion in sentencing. An abuse is found only where its choice is "arbitrary or capricious or ' "exceeds the bounds of reason, all of the circumstances being considered." ' [Citations.]" (*People* v. *Welch* (1993) 5 Cal.4th 228, 234 [19 Cal.Rptr.2d 520, 851 P.2d 802]; see also *People* v. *Funes* (1994) 23 Cal.App.4th 1506, 1519 [28 Cal.Rptr.2d 758]; *People* v. *Stewart* (1985) 171 Cal.App.3d 59, 65 [215 Cal.Rptr. 716].)

The trial court took into account all of the circumstances, including the nature of Trausch's prior offenses, which were serious, and of his current offense, which it found to be motivated by necessity, as well as the fact that the current offense constituted a violation of probation which served to

ultimate outcome being that his wobbler conviction resulted in a felony sentence. (*People* v. *Balderas, supra,* 41 Cal.3d at p. 203.) In *Banks,* defendant successfully completed probation on his prior conviction but failed to move to have his conviction dismissed pursuant to section 1203.4. The Supreme Court determined that the conviction remained a felony until the court either pronounced sentence making it a "misdemeanor sentence" or the defendant complied with section 1203.4. (*People* v. *Banks, supra,* 53 Cal.2d at pp. 388-391.) In this case, Trausch was not placed on probation but was given a misdemeanor sentence.

[9]Appellant also argues that the trial court improperly entered into plea bargaining contrary to the provisions of the three strikes law. We disagree. Trausch pled guilty to the charges alleged; he gave an "open plea." The court reviewed the facts of the current charge and his past history, and pronounced sentence. The court gave an "indicated sentence" and then exercised its discretion. This was proper. (*People* v. *Superior Court (Ramos)* (1991) 235 Cal.App.3d 1261 [1 Cal.Rptr.2d 333]; *People* v. *Superior Court (Smith)* (1978) 82 Cal.App.3d 909 [147 Cal.Rptr. 554].)

trigger a six-year sentence. We therefore cannot conclude that the action by the court exceeded the bounds of reason.

## Disposition

The judgment is affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.

A petition for a rehearing was denied August 8, 1995, and appellant's petition for review by the Supreme Court was denied October 26, 1995.