[No. B089333. Second Dist., Div. One. Oct. 11, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
DANIEL DENT, Defendant and Respondent.

## COUNSEL

Gil Garcetti, District Attorney, Brent Riggs and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Alex Ricciardulli, Ross Klein and Tracy Mooney, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

MASTERSON, J.—Defendant Daniel Dent entered pleas of no contest to two "wobbler" offenses which the trial court found to be misdemeanors under Penal Code section 17, subdivision (b)(1).[1] The People appeal from the ensuing judgment, contending that the "three strikes law"[2] abrogated the trial court's discretion to declare wobbler offenses to be misdemeanors, and alternatively that the trial court abused its discretion in imposing a misdemeanor sentence on defendant. We follow the lead of three recent Court of Appeal decisions in holding that the three strikes law did not affect the trial court's discretion under section 17, subdivision (b)(1). (*People v. Vessell* (1995) 36 Cal.App.4th 285 [42 Cal.Rptr.2d 241]; *People v. Trausch* (1995) 36 Cal.App.4th 1239 [42 Cal.Rptr.2d 836]; *People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347 [45 Cal.Rptr.2d 107].)[3] However, we part company with *Trausch* on the issue of whether a trial court abuses its discretion where, as here, it selects a misdemeanor sentence for a wobbler offense solely to avoid the effects of the three strikes law.[4] We find that such abuse occurred in this case, and remand for a proper exercise of sentencing discretion.

### BACKGROUND

On May 13, 1994, defendant was caught shoplifting three bottles of liquor from a market in Downey. Based on this incident, he was charged with one

---

[1]Penal Code section 17, subdivision (b), provides, in pertinent part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison."

All further statutory references are to the Penal Code.

[2]This case involves the three strikes law as appears in section 667, subdivisions (b)-(i), which was enacted as urgency legislation on March 7, 1994. (Stats. 1994, ch. 12.) No reliance is placed on the three strikes law which was approved by the voters as Proposition 184 on November 8, 1994, and appears in section 1170.12.

[3]These three cases were also decided under section 667, subdivisions (b)-(i).

[4]The *Perez* and *Vessell* cases did not discuss this issue.

count of second degree commercial burglary and one count of petty theft with a prior theft-related conviction, for burglary, which he had suffered on September 28, 1992. (§§ 459, 666.) The information further alleged that defendant had served prior prison terms for the 1992 burglary conviction, a 1976 robbery conviction, a 1979 robbery conviction, a 1979 grand theft conviction, and a 1990 grand theft conviction. (§ 667.5, subd. (b).) It also alleged that defendant had suffered three prior felony convictions, the 1992 burglary, the 1976 robbery, and the 1979 robbery, within the meaning of the three strikes law. (§ 667, subds. (b)-(i).)

On September 8, 1994, defendant entered pleas of no contest to both charged offenses and admitted the special allegations. On September 26, the trial court sentenced him as follows: "[W]ith the laws that exist in this state today, it's really clear if you have a felony and you have . . . two strike priors . . . that a court must sentence you to a sentence of 25-years-to-life, and at least that. It could even be more than that. [¶] And I feel in this case that if you were before me before this strike legislation came in, based on your record, you would get high-base term and—three years, plus you would get one year for each of your state prison priors. So, I would sentence you to 7 years anyway. So that now the Legislature has come along and filed a tougher law and there is no reason why you should get a break out of that tougher law and wind up getting a lesser sentence. [¶] But then on the other hand, I have to send you to state prison for 25-years-to-life for petty theft. That's what it amounts to. And that offends my conscience more than it does to give you a break, which you really don't deserve. [¶] *The only way that I can avoid this law is to find this to be a misdemeanor*, which I do, and I sentence you to spend a year in the county jail . . . ." (Italics added.)

## DISCUSSION

*The Three Strikes Law Did Not Abrogate the Trial Court's Discretion Under Section 17, Subdivision (b)(1).*

As in *People v. Vessell, People v. Trausch,* and *People v. Superior Court (Perez),* all *supra,* the People contend that the trial court's discretion to declare wobbler offenses to be misdemeanors under section 17, subdivision (b)(1), has been abrogated by the three strikes law. The contention lacks merit.

In *Vessell,* the court rejected arguments that the three strikes law had eliminated trial court discretion under section 17, finding that no conflict

exists between the two statutes (36 Cal.App.4th at pp. 289-290), that section 17 had not been superseded by the three strikes law (36 Cal.App.4th at pp. 291-294), and that section 667, subdivision (c)(4), which forbids a commitment to any facility other than state prison, does not control over section 17 (36 Cal.App. 4th at pp. 294-296). The *Trausch* court found that, in enacting the three strikes law, the Legislature clearly recognized the unique nature of section 17, and did not intend for the three strikes law to affect it. (36 Cal.App.4th at p. 1246.) Most recently, the *Perez* court rejected an argument that was not discussed in *Vessell* or *Trausch*—that the three strikes legislation created a "non-reducible wobbler." (38 Cal.App.4th at p. 359.)

We see no need to contribute yet another discussion of the relationship between the three strikes law and the trial court's discretion under section 17. The analyses of the *Vessell, Trausch,* and *Perez* courts make clear that the three strikes law has not abrogated that discretion. Thus, we add our voices to the chorus rejecting the People's arguments on this issue.

### *The Trial Court Abused Its Discretion in Imposing Misdemeanor Sentences on Defendant*

The People contend that, to the extent trial courts have retained their discretion under section 17, the court below abused its discretion based on the manner in which it declared defendant's offenses to be misdemeanors. The contention has merit.

Citing *People* v. *Robinson* (1983) 144 Cal.App.3d 962, 973 [193 Cal.Rptr. 92], defendant asserts that because the determination that his offenses were misdemeanors " 'imposes a penalty within limits authorized by statute,' " it is not subject to this court's review. This is not the law. *Robinson* merely rejected an argument that a wobbler could not be declared a felony in the absence of aggravating circumstances. (*Ibid.*) It did not purport to sanction all determinations under section 17, subdivision (b)(1), without regard to the proper exercise of the trial court's discretion.

As noted in *In re Anderson* (1968) 69 Cal.2d 613, 626 [73 Cal.Rptr. 21, 447 P.2d 117], section 17 "vest[s] in the trial court discretion to sentence defendants convicted of [wobblers] to state prison or to jail, without mention of standards for exercise of that discretion." Nonetheless, the choice between felony and misdemeanor under section 17, subdivision (b)(1), "is dependent on a determination by the official who, at the particular time, possesses knowledge of the special facts of the individual case and may, therefore, intelligently exercise the legislatively granted discretion." (*People* v. *Clark* (1971) 17 Cal.App.3d 890, 898 [95 Cal.Rptr. 411]; see also *In re Anderson, supra,* 69 Cal.2d at p. 627.)

■ As the Supreme Court has held in the context of the determination whether to grant probation, sentencing discretion "is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. [Citations.]" (*People* v. *Warner* (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237].) As such, discretion is abused when it " 'exceeds the bounds of reason, all of the circumstances being considered.' [Citations.]" (*Ibid.*)

■ The words chosen by the trial court in pronouncing sentence here plainly reveal that its "discretion" was guided solely by a personal antipathy for the effect that the three strikes law would have on defendant. Although the court was aware of defendant's background and the nature of his present offenses, these individualized considerations were shunted into the background in an effort to avoid the court's otherwise clear expression that a felony sentence was appropriate. Thus, in order to escape the consequences of the three strikes law at any price, the trial court impermissibly reasoned backwards from the sentence it wished to avoid to the only available alternative. (Cf. *People* v. *Fernandez* (1990) 226 Cal.App.3d 669, 684 [276 Cal.Rptr. 631] [trial courts admonished not to reason backward to justify a particular, arbitrarily chosen length of sentence].) A sentence based on such an approach constitutes a failure to exercise discretion as required by the law. As such, it exceeds the bounds of reason and must be reversed.[5]

By finding that discretion was improperly exercised below, we do not hold that a reasoned consideration of defendant's background and circumstances would preclude the determination that his offenses were misdemeanors. Such a determination, however, can be properly made only when the sentencing court focuses on considerations that are pertinent to the specific defendant being sentenced, not an aversion to a particular statutory scheme. Accordingly, we remand the matter to the trial court and direct it to resentence defendant on an individualized basis, rather than impose a sentence predicated solely upon a desire to avoid the consequences of the three strikes law.

---

[5] The court in *Trausch* found there was "no doubt that the trial court [in that case] deliberately chose to select a misdemeanor sentence in order to avoid imposition of the three strikes sentencing scheme." (36 Cal.App.4th at p. 1243.) However, based on its further finding that the trial court had taken into account the circumstances surrounding the offense and the offender, *Trausch* rejected an argument that the trial court had abused its discretion in selecting the misdemeanor sentence. (*Id.* at pp. 1243-1244.) To the extent that the facts in the instant case are comparable to *Trausch*, we respectfully disagree with the *Trausch* court's analysis of this issue.

## DISPOSITION

The judgment of conviction is affirmed, and the matter is remanded for resentencing in accordance with the views expressed in this opinion.

Spencer, P. J., and Ortega, J., concurred.