Filed 7/8/14  P. v. Tucker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDY DEWAYNE TUCKER,<br><br>    Defendant and Appellant. | D064405<br><br><br>(Super. Ct. Nos. SCD240113,<br>   SCD216068) |


APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed as modified with directions.


Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Robin Urbanski and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

This case involves an appeal following imposition of a stipulated sentence as part of a plea agreement which resolved three separate criminal cases. Appellant, Randy Dewayne Tucker, challenges the manner in which the trial court calculated the stipulated sentence, i.e., he argues the court should have imposed the sentences on two of the cases consecutively, because that would have resulted in greater presentence custody credits applied to the aggregate sentence. Additionally, he contends he is entitled to additional credits for time in custody on alleged probation violations after he was arrested on charges arising from new offenses.

The People have responded that the appeal should be dismissed for failure to obtain a certificate of probable cause (Pen. Code,[1] § 1237.5) and that Tucker waived his right to appeal the sentence. The People also contend the trial court appropriately imposed concurrent sentences and that Tucker is not entitled to duplicate credits for the probation revocation while he was in custody for his new offenses.

We will reject the People's contentions that the appeal should be dismissed either for failure to comply with section 1237.5 or on the basis of a waiver of appeal in the plea agreement. We will also reject Tucker's challenge to concurrent sentences. We will find that Tucker is entitled to additional credits on his sentence for case No. SCD216068 and order the judgment modified accordingly. Except as modified, we will affirm the judgment and sentence as imposed.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

PROCEDURAL BACKGROUND

Tucker was on probation in case No. SCD216068 when he was arrested for new offenses in case No. SCD240113. Ultimately Tucker entered a guilty plea in case No. SCD240113 which called for a stipulated, aggregate sentence of 13 years in prison for that case and case No. SCD216068. As part of the plea agreement, the prosecution dismissed various counts and allegations and also dismissed pending case No. SCD246873.[2]

In case No. SCD216068 Tucker was originally sentenced to a determinate term of four years four months in prison. Execution of the sentence was stayed and he was granted probation. When the trial court imposed the sentence as part of the plea agreement in case No. SCD240113, it imposed the previously stayed four-year four-month sentence for case No. SCD216068. The sentence was ordered to be served concurrently with the stipulated 13-year sentence imposed for case No. SCD240113. Tucker was awarded presentence custody credits of 1,195 days in case No. SCD216068 and 868 days for case No. SCD240113.

Tucker filed a timely notice of appeal but did not obtain a certificate of probable cause.

---

[2]     This appeal does not raise any issue regarding the facts or nature of the underlying offenses, therefore we will not lengthen this opinion with an unnecessary recital of the facts and charges.

DISCUSSION

At base, Tucker is attempting to increase the amount of presentence custody credits to be applied against his 13-year sentence. The effect of concurrent sentencing was that the credits applied to case No. SCD240113 were 868 days. However, although there are a greater number of credits for case No. SCD216068, such credits will not impact the total time to be served in case No. SCD240113. Tucker wants this court to order consecutive sentencing, the effect of which would be to apply at least 1,195 days credit against the total sentence. Additionally, Tucker seeks additional credits of 868 days of credit for case No. SCD216068 for the time spent in custody on the probation revocation which followed his arrest in case No. SCD240113.

In our efforts to sort out the competing contentions we will first address the People's contentions that the appeal should be dismissed. We will then discuss the court's imposition of concurrent sentences, and finally we will address the claim of entitlement to additional credits in case No. SCD216068.

I

*SHOULD THE APPEAL BE DISMISSED*

The People contend the appeal should be dismissed for several reasons. First, they contend Tucker was required to first obtain a certificate of probable cause in order to proceed with this appeal. Second, they argue, albeit summarily, that Tucker has waived his right to appeal the sentence in this case. Finally, the People argue section 1237.1 bars the challenge to credits because the issue was not raised in the trial court. We summarily

4

reject the latter contention because the issue was in fact raised in the trial court both by written submission and by oral presentation.

A. Section 1237.5

In order for a defendant to appeal challenging a guilty plea, such person must first obtain a certificate of probable cause in the trial court. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) Since this appeal is directed at the sentence imposed and not the plea itself, Tucker contends the requirements of section 1237.5 do not apply.

In *People v. Panizzon* (1996) 13 Cal.4th 68, 75 (*Panizzon*), the court clarified what constitutes a challenge to a guilty plea that arises from a plea bargain with a stipulated sentence. The court determined that a challenge to the stipulated sentence was an attack on the plea itself and thus did require a certificate. Tucker argues, and we agree, the challenge in this case does not attack the plea or the total sentence imposed. Rather, this appeal addresses the discretionary decision by the trial court to select concurrent sentences as opposed to consecutive sentences. The court's choice affected the credit calculation but did not change the stipulated sentence.

In *People v. Buttram* (2003) 30 Cal.4th 773, 776-777 (*Buttram*), the court again addressed the issue of what constitutes a challenge to the underlying plea. There, the parties agreed to a plea bargain which stated a maximum sentence agreement, rather than a stipulated sentence. The appeal in *Buttram* challenged the trial court's discretionary decision in the calculation of the sentence actually imposed. The court distinguished *Panizzon, supra,* 13 Cal.4th 68, and concluded that a challenge to the exercise of a

5

discretionary decision to select a sentence up to the maximum was not a challenge to the plea itself and thus did not require a certificate of probable cause.

We think this case is controlled by the court's analysis in *Buttram, supra,* 30 Cal.4th 773. Here the challenge is to the discretionary decision by the trial court to calculate the sentence by the use of concurrent sentences rather than reaching the agreed total sentence by means of consecutive sentences. In our view the challenge is of the same nature as that in *Buttram* where the defendant was challenging the discretionary sentencing choice that calculated a sentence within the agreed-upon maximum. Accordingly, we find a certificate of probable cause was not required in order to challenge the trial court's discretionary sentencing choice.

### B. Waiver of Appeal

The respondent's brief makes a short argument that Tucker waived his right to challenge the sentence on appeal. The comments are more of an observation that Tucker initialed the appellate waiver on the plea form than it is an argument for waiver.

There was considerable discussion of Tucker's waiver of appellate rights. Tucker wanted to have his initials removed from the appellate waiver box on the form. Ultimately he was given the opportunity to withdraw his plea or leave the initials as they were. Tucker opted to continue with the plea. Later defense counsel advised the court he had been ineffective on discussing the waiver issue. The trial court advised Tucker the appellate court would have to decide if he could appeal any part of his sentence.

The waiver in the form purported to give up the right to challenge the stipulated sentence. It did not address the issue of a challenge to the credit calculation. Further, as

6

we have discussed, this appeal does not challenge the aggregate sentence of 13 years. Instead, it is a challenge to the discretionary sentencing choice of concurrent sentences, which in turn impacts the available pretrial custody credits. Given the ambiguity of the "waiver" and the inherent question of ineffective assistance of counsel, we have elected to deal with the merits of the appeal and not to enforce any possible waiver.

II

*CONCURRENT SENTENCES*

In his written and oral submissions in the trial court Tucker advocated for consecutive sentences for the obvious reason that he would get the benefit of a greater number of custody credits as against the total sentence. Indeed, in his written submission he contended the court had to impose consecutive sentences under section 669 unless the court could find sufficient reasons to do otherwise.

On appeal, Tucker contends the trial court's comments at sentencing indicated the court did not know it had the discretion to sentence consecutively and therefore we should remand the case to the trial court so that it can exercise its discretion. We are satisfied the court acted well within its discretion in selecting concurrent sentencing as the means of calculating the aggregate sentence. While we find the trial judge's comments somewhat confusing and regrettable, we are not persuaded that the experienced criminal law trial judge was unaware of one of the most basic rules of sentencing, i.e., where there are multiple crimes, the trial court always has discretion to choose between concurrent and consecutive sentences. We review the trial court's decision, and not its ruminations.

7

## A.  Section 669

Section 669 provides that where there are convictions for multiple crimes the court has discretion, subject to the rules of court, to sentence consecutively or concurrently. The statute does not establish a presumption in favor of either sentencing choice. However, in cases where the trial judge fails to state a choice, the section provides, in part:  "Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."  (§ 669, subd. (b).)  Thus, while the section establishes a default position in the absence of a judicial determination, it does not establish a presumption in favor of consecutive sentences or concurrent sentences. (*People v. Black* (2007) 41 Cal.4th 799, 820-821.)  Accordingly, section 669 plays no part in the analysis of the trial court's discretionary decision favoring concurrent sentences.

## B.  Abuse of Discretion

Prior to hearing argument at the time of the sentencing, the trial judge said:  "And what I -- why don't I go ahead and impose the sentence that I think I have to impose according to the law, and it's along the lines of the credits as represented by the DA and the probation department.  I read all of the points and authorities you submitted on the issue.  As I told Mr. Tucker, I have an obligation to follow the law as I believe it to be, not as I wish it to be.  And, frankly, I wish I could give Mr. Tucker more credits than I think the law allows him to have."  Tucker contends these comments demonstrate the trial judge did not understand the nature of his discretion.  While we have no idea what the

8

trial court meant, other than to appear to shift responsibility for his decision to the "law" rather than himself.  What we are sure of, however, is that the trial judge had read all of the submissions, which debated in detail his discretionary choices.  It would be wholly unreasonable for us to construe these "feel good" comments as ignorance of the very issues the court had read and considered.

Sentencing decisions of the trial court are reviewed under the abuse of discretion standard.  (*People v. Giminez* (1975) 14 Cal.3d 68, 72.)  In the sentencing context, the trial court abuses its discretion when its sentencing choice " 'exceeds the bounds of reason.' "  (*People v. Trausch* (1995) 36 Cal.App.4th 1239, 1247.)  We assume trial judges are aware of the law and particularly their sentencing choices  (See Evid. Code, § 664; *Thompson v. Thames* (1997) 57 Cal.App.4th 1296, 1308 [it is presumed that the trial court knows and applies the correct statutory and case law].)

Realistically, Tucker does not challenge the choice of concurrent sentences as an abuse of discretion.  Rather, his challenge is based on alleged ignorance of the trial court as to the scope of the court's authority.  Otherwise there is nothing in case law, statute or the Rules of Court that would render the choice of concurrent sentences in this case an abuse of discretion.  (*People v. Black, supra*, 41 Cal.4th at pp. 820-821.)

Thus, while the trial judge's gratuitous comments created a possible appellate issue, and could have been left unsaid, we do not construe the comments to indicate a lack of awareness of the scope of the court's sentencing discretion.  Accordingly, we find no error in the court's choice of concurrent sentences.

9

## III

### *CASE NO. SCD216068*

Finally, we consider Tucker's claim that he is entitled to additional custody credits for the time spent in custody after he was arrested on the probation violation allegations. We agree that under controlling case law he is entitled to 868 additional days of credit for case No. SCD216068.

In the case of *In re Joyner* (1989) 48 Cal.3d 487, 489 (*Joyner*) the court addressed the question of custody credits where the defendant is in custody on more than one case. In *Joyner*, the defendant was in custody in Florida when California placed a hold on him based on a separate case in that state. On appeal, Joyner contended he was entitled to credits against his California sentence for the time he spent in Florida after the hold was placed on him for the new case. The court rejected Joyner's claim.

The court held a defendant is not ordinarily entitled to duplicate custody credits where the person is already confined on one case and thereafter arrested on another case. The question that must be decided in order to determine if the defendant is entitled to credits against the sentence for the second case is whether, at the time of arrest on the second case, the defendant was at liberty. (*Joyner, supra*, 48 Cal.3d at p. 489.) In the case of a person who is on probation or parole and the person's parole or probation is revoked after the filing of a new case, the court must decide if the revocation was based on the same conduct as the new case. If the revocation and the new case are based on the same conduct, then the person would have been at liberty at the time of the alleged conduct. In short, if Tucker was out of custody until the new offenses and the probation

10

revocation is based on the new offenses, he is entitled to credit in both cases for the time spent in presentence custody.

Tucker asserts the probation revocation allegations and the four-day revocation hearing were based on the same conduct alleged in the new case, No. SCD240113. The People have argued that the revocation included offenses to which Tucker has not pled guilty and therefore he should not get credit in case No. SCD216068 for the time spent after his arrest on the revocation. We disagree with the People's position.

The question posed in *Joyner, supra,* 48 Cal.3d 487, was basically why was the defendant in custody on the second case? Was the custody imposed for the same behavior as the first case, in which circumstance the person would get credit? If the cases involved separate behavior, the defendant would not have been at liberty at the time of arrest on the second case. We believe the analysis is directed at the behavior alleged in the respective cases. We do not believe *Joyner's* analysis can be avoided by pointing to counts to which a guilty plea was not entered in a negotiated settlement like the one presented here.

The record in this case does not show that the probation revocation proceeding was based on any conduct other than that alleged in case No. SCD240113. Accordingly Tucker is entitled to additional credits in case No. SCD216068.

Tucker argues we should remand the case to the trial court in light of our conclusion he is entitled to more credits in case No. SCD216068. We decline to remand the case at this point as the remand would be a futile act. Tucker has lawfully been sentenced to concurrent terms and the additional credits in case No. SCD216068 will not

11

impact the time he must serve in case No. SCD240113.  (*People v. Tuggles* (2009) 179

Cal.App.4th 339, 388.)

DISPOSITION

The judgment in case No. SCD216068 is modified to reflect 868 additional

custody credits as against the sentence in that case.  The trial court is ordered to modify

the judgment accordingly and to forward a revised abstract of judgment to the

Department of Corrections and Rehabilitation.  In all other respects the judgment is

affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

McDONALD, J.