Filed 5/21/15  P. v. Uscola CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076149 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F03843) |
| v. | |
| KYACEY USCOLA, | |
| Defendant and Appellant. | |

Defendant Kyacey Uscola contests his sentencing pursuant to Penal Code section 273.5, subdivision (f)(1), [1] which establishes a more severe sentence for domestic violence offenders with a prior conviction for certain crimes.  He claims his prior

---

[1] Further undesignated statutory references are to the Penal Code.  At the time of defendant's sentencing, the applicable provision was section 273.5, subdivision (e)(1), which is now codified without change at subdivision (f)(1). (Stats. 2013, ch. 763, § 1.)

1

misdemeanor conviction under section 273.5, subdivision (a) is not a qualifying offense under that section. We disagree and affirm the judgment.

## BACKGROUND

The facts underlying defendant's offenses (both prior and current) are not at issue in this appeal. It suffices to say that defendant was found guilty by jury of spousal battery (§ 243, subd. (e)(1)); corporal injury on a spouse resulting in a traumatic condition (§ 273.5, subd. (a))[2]; battery resulting in serious bodily injury (§ 243, subd. (d)); and violating a protective order (§ 166, subd. (c)(1)). As to the felony battery and corporal injury charges, the jury also found true the allegation that defendant had personally inflicted great bodily injury (§ 12022.7, subd. (e)); as to the corporal injury charge, the jury found true that defendant had a prior domestic violence conviction (§ 273.5, subd. (f)(1)).

As relevant here, the trial court sentenced defendant to the upper term of five years in state prison for the corporal injury on a spouse (§ 273.5, subds. (a) & (f)(1)), with an additional five years for the great bodily injury enhancement, totaling 10 years in prison. Defendant appeals.

## DISCUSSION

It is undisputed that defendant had sustained a prior misdemeanor conviction pursuant to section 273.5, subdivision (a). Defendant contends that this conviction was not a qualifying prior conviction under section 273.5, subdivision (f)(1), because it was not a felony.

---

[2] Section 273.5, subdivision (a) was substantially altered in form, but not in substance as it relates to this case, pursuant to its amendment by the Legislature in 2013, effective in 2014. (Stats. 2013, ch. 763, § 1.) When we refer to section 273.5, subdivision (a), we are referring to the pre-amendment version.

Section 273.5, subdivision (f)(1) provides in relevant part that "[a]ny person convicted of violating this section for acts occurring *within seven years of a previous conviction* under subdivision (a), or subdivision (d) of Section 243, or Section 243.4, 244, 244.5, or 245, shall be punished by imprisonment in . . . state prison for two, four, or five years." (Italics added.) To address defendant's claim, we employ well-settled rules of statutory construction. "Our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) However, " '[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.' " (*People v. Benson* (1998) 18 Cal.4th 24, 30.)

As set forth *ante*, subdivision (f)(1) clearly and unambiguously requires only a "previous conviction" under certain statutes, not necessarily a felony conviction. Because defendant had previously sustained a misdemeanor conviction under section 273.5, subdivision (a), by its plain language subdivision (f)(1) applies to him.

Defendant points to the language within section 273.5, subdivision (a), which, at the time of his conviction, provided that "[a]ny person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition *is guilty of a felony*, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or

3

by a fine up to six thousand dollars ($6,000) or by both that fine and imprisonment." (Stats. 2012, ch. 867, § 16, italics added.)  Confusingly, he argues that because he was convicted of a *misdemeanor* violation of subdivision (a), he is not "guilty of a felony" as provided by that *same subdivision*.  He does not explain how this particular claim, confined to the language of subdivision (a), relates to the application of subdivision (f)(1).  We will not make his argument for him.

In any event, section 273.5, subdivision (a) is a "wobbler."  (See § 17; see also *People v. Vessell* (1995) 36 Cal.App.4th 285, 288 [noting former section 273.5, subdivision (a) is a wobbler].)  As such, it clearly provided for misdemeanor as well as felony disposition.  Indeed, many of the qualifying offenses enumerated in subdivision (f)(1) are wobblers (see §§ 243, subd. (d), 243.4, 244.5, 245), and one of them--section 243.4, subdivision (e)--is a straight misdemeanor.  If, as defendant argues, the Legislature had intended only previous *felony* convictions to qualify for the sentencing enhancement, it presumably would not have included misdemeanor statutes in the qualifying offenses. Further, it could have written the law accordingly, as it has many times before.[3]  "[W]hen the drafters of a statute have employed a term in one place and omitted it in another, it should not be inferred where it has been excluded."  (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010.)  We will not infer "previous felony conviction" from "previous conviction."

---

[3]  See, for example, section 190.3 ("any prior felony conviction" may be considered in determining whether to impose death penalty sentence); section 243.4, subdivision (j) (a person committing sexual battery against a minor who "has a prior felony conviction" under section 243.4 is necessarily guilty of a felony); section 422.75, subdivision (d) (providing an additional year in prison "for each prior felony conviction" that was found or admitted to be a hate crime); section 666.5, subdivision (a) (imposing enhanced punishment for anyone "previously convicted of a felony violation" of enumerated statutes); and Vehicle Code section 10851, subdivision (e) ("Any person who has been convicted of one or more previous felony violations of this section, or felony grand theft of a vehicle . . ." is subject to enhanced punishment).

4

Because there is no ambiguity in the application of section 273.5, subdivision (f)(1) to defendant, the rule of lenity does not apply (see *People v. McCoy* (2012) 208 Cal.App.4th 1333, 1339, fn. 6), and we also reject defendant's untimely and undeveloped assertion that he lacked notice (see *People v. Zamudio* (2008) 43 Cal.4th 327, 353 [a contention generally may not be raised for the first time in a reply brief]). Defendant's previous misdemeanor conviction for a violation of section 273.5, subdivision (a) adequately supports the jury's finding that section 273.5, subdivision (f)(1) applies to him.

## DISPOSITION

The judgment is affirmed.

<u>            DUARTE            </u>, J.

We concur:

<u>       MAURO          </u>, Acting P. J.

<u>       HOCH          </u>, J.