Filed 8/26/21  P. v. Vang CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081596 |
| Plaintiff and Respondent, | (Super. Ct. No. F19908215) |
| v. | |
| MANDA VANG, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Franson, Acting P.J., Snauffer, J. and DeSantos, J.

Defendant Manda Vang pled no contest pursuant to an open plea to four firearm-related offenses.  On appeal, he argues (1) the condition of his probation prohibiting his wearing or possessing gang-related paraphernalia and indicia is unconstitutionally vague and overbroad because it lacks an express knowledge requirement, and (2) his term of probation must be modified to two years pursuant to Penal Code section 1203.1,[1] subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950).  The People respond that the defendant's challenge to the gang-related paraphernalia condition of probation is forfeited and, in any event, is without merit.  The People agree that defendant is entitled to the benefit of Assembly Bill 1950, but contend that the matter must be remanded to the trial court to permit the trial court and the People an opportunity to accede to a two-year term of probation or withdraw approval for the plea agreement.  We modify defendant's term of probation to two years.  As modified, we affirm.

## PROCEDURAL SUMMARY

On December 11, 2019, the Fresno County District Attorney filed a complaint charging defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), possession of a silencer (§ 33410; count 2), possession of an assault weapon (§ 30605, subd. (a); count 3), and misdemeanor possession of a large-capacity magazine (§ 32310, subd. (c); count 4).

On February 25, 2020, defendant pled no contest on all counts.  Defendant faced a maximum exposure of three years eight months in prison.[2]

---

[1]     All further statutory references are to the Penal Code.

[2]     The People indicated that defendant possessed several other firearms for which charges had not been pled and had suffered an unalleged prior strike conviction.  Rather than amend the complaint, the People agreed defendant could "plead to the sheet …."  That portion of the agreement was not reflected in the change of plea form.

2.

On June 16, 2020, the trial court granted defendant felony probation for a term of three years.  Among the other terms of probation, the trial court ordered defendant to serve 365 days in county jail on count 1.  The terms of probation further required defendant "not to be in a gang or knowingly associate with any person who is in a gang" and "not to wear or possess any gang-related paraphernalia or indicia."

On August 14, 2020, defendant filed a notice of appeal.

## DISCUSSION[3]

### A.  Gang-Related Paraphernalia Condition

Defendant challenges the condition of his probation forbidding him from wearing or possessing "any gang[-]related paraphernalia or indicia."  He contends the condition is unconstitutionally vague and overbroad because it does not contain an express knowledge requirement (i.e., it does not require defendant to know that the gang-related paraphernalia or indicia is gang related).  The People contend that the challenge is forfeited.  The People also contend that an express knowledge limitation on the condition is not required because it is implied, but consent to the modification.  We agree with the People that no express knowledge limitation is required.

### 1.  Forfeiture

As a preliminary matter, the People contend defendant forfeited his objection to the condition of probation by failing to object to the condition before the trial court.

Ordinarily, "[a] party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court."  (*In re N.O.* (2019) 31 Cal.App.5th 899, 935; see *People v. Scott* (1994) 9 Cal.4th 331, 351–352.)  However, a claim that a condition of probation is facially vague or overbroad may present a pure question of law that can be resolved without reference to the record below and is

---

**3**    Because defendant raises only legal issues the facts underlying the offenses are not relevant and are omitted from this opinion.

3.

therefore reviewable absent an objection below.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*); *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1347 ["[a]lthough a probation condition may be overbroad when considered in light of all the facts, only those constitutional challenges presenting a pure question of law may be raised for the first time on appeal"].)

Here, defendant raises a pure question of law—whether the condition of probation is facially vague and overbroad.

### 2.  Merits

Generally, we review a trial court's imposition of probation conditions for abuse of discretion.  (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  But where, as here, a defendant challenges a probation condition on constitutional grounds, we review its constitutionality de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  "The vagueness doctrine bars enforcement of ' "a statute [or order] which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Ibid*.)  A probation condition must therefore " 'be sufficiently precise for [a] probationer to know what is required of him, and for the court to determine whether the condition has been violated,' " if it is to withstand a challenge on the ground of vagueness.  (*Ibid*.)  However, the vagueness doctrine does not require absolute certainty in the text of a condition of probation; it "demands ' "no more than a reasonable degree of certainty." ' " (*People v. Hall* (2017) 2 Cal.5th 494, 503 (*Hall*).)  "Thus, a probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' " (*Id*. at p. 501.)  Where a condition of probation is unconstitutionally vague, a reviewing court has the power to modify it to render it constitutional.  (*Sheena K.*, at p. 892.)

In *Hall*, the defendant argued that a probation condition barring him from possessing firearms and illegal drugs was unconstitutionally vague because it did not explicitly state that only knowing possession of the prohibited items was barred. Our Supreme Court rejected that argument, explaining that "knowledge of the contraband's presence *and of its restricted nature* is implicit in probation conditions" restricting possession of prohibited items. (*Hall*, *supra*, 2 Cal.5th at pp. 502–503 & fn. 2, italics added.) Probation terms prohibiting possession of paraphernalia or indicia do not require further definition or qualification. (See *Id*. at p. 503.)[4] This situation is no different. No explicit knowledge limitation is required. We will not modify the condition of defendant's probation to include such a limitation.

## B. Assembly Bill 1950

### 1. Applicability

Effective January 1, 2021, Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years and most misdemeanor offenses to one year. (§§ 1203a, subd. (a), 1203.1, subds. (a) & (m), as amended by Stats. 2020, ch. 328, §§ 1, 2.) "[T]he … limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity." (*People v. Sims* (2021) 59 Cal.App.5th

---

[4] Defendant relies upon *People v. Leon* (2010) 181 Cal.App.4th 943, for the proposition that a possession of gang indicia condition was constitutionally defective because it lacked an explicit knowledge requirement. (*Id*. at p. 951; see *People v. Kim* (2011) 193 Cal.App.4th 836, 844–845; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629.) *People v. Leon* and other cases that have held that possessory conditions of probation require an explicit knowledge requirement have been abrogated by *People v. Hall*. (*Hall*, *supra*, 2 Cal.5th at p. 503, fn. 2 ["To the extent they concluded that an express knowledge requirement was necessary to prevent unwitting violations of possessory probation conditions, we disapprove …."].) A scienter requirement—that the probationer know of the prohibited character of the item possessed—is implied in all possessory probation requirements.

943, 963–964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.) Therefore, the amendments to sections 1203a and 1203.1 apply to all cases not final on Assembly Bill 1950's effective date. (*In re Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to a term of felony probation exceeding two years for a crime of conviction that is not a violent felony exempted from the two-year limit on felony probation. (§§ 1203.1, subd. (m), 667.5, subd. (c).)[5] We agree. Defendant is entitled to the benefit of Assembly Bill 1950.

### 2. Remedy

The parties disagree on the appropriate remedy—defendant contends we should modify his term of probation; the People contend we should remand the matter to the trial court to modify the terms of probation and permit the People to withdraw from the plea agreement or the trial court to rescind its approval for the agreement and return the parties to the status quo *ante*. We modify the term of probation to two years consistent with Assembly Bill 1950. Because the term of probation was *not* negotiated as part of a plea agreement—defendant entered into an open plea—we need not remand to permit the People or the trial court the opportunity to withdraw approval of the plea in light of the modification to the term of probation.

In *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), our Supreme Court concluded that a defendant was entitled to the benefit of an ameliorative change in the law— specifically, pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), he was entitled to have the matter remanded for the trial court to exercise its discretion to strike a serious felony conviction enhancement in the interest of justice. (*Stamps*, *supra*,

---

[5] Possession of a firearm by a felon (§ 29800, subd. (a)(1)), possession of a silencer (§ 33410), and possession of an assault weapon (§ 30605, subd. (a)) are not violent felony offenses excluded from section 1203.1, subdivision (a)'s two-year limit on duration of felony probation by section 1203.1, subdivision (m).

9 Cal.5th at p. 699.) However, because the serious felony conviction enhancement was imposed as part of a negotiated stipulated sentence, if the trial court exercised its discretion to strike the enhancement, the People and the trial court were permitted to withdraw approval for the plea agreement. (*Stamps*, at pp. 707–708.) The defendant was not permitted " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact ….' " ' " (*Id*. at p. 706.)

The *Stamps* court made clear, however, that the situation would have been different if the defendant had stood convicted "as a result of trial or an open plea of guilty as charged …." (*Stamps*, *supra*, 9 Cal.5th at p. 700; *People v. Hernandez* (2020) 55 Cal.App.5th 942, 952–953 (review granted Jan. 27, 2021, S265739).) When a defendant enters an open plea to all counts, "there is no requirement that the People consent" or the court approve the plea. (*People v. Vessell* (1995) 36 Cal.App.4th 285, 296.) Where the defendant enters an open plea, the sentence can be modified because it is not imposed pursuant to a negotiated plea agreement and is therefore not inconsistent with a negotiated plea agreement. (See *Stamps*, at p. 700, quoting § 1192.5 [" 'Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant[] … cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea.' "].) Because modification of the sentence in that situation would not be inconsistent with a plea agreement, an appellate court is not required to permit the People or the trial court an opportunity to withdraw from the plea.

Here, defendant entered an open plea of no contest to all charged counts.[6] Modification of the term of probation to two years is not inconsistent with a negotiated

---

[6]     Although the People represented that they agreed not to modify the complaint to allege a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), no such prior conviction was ever alleged, and the written plea agreement did not identify that the

plea agreement. We therefore need not remand the matter for the People and the trial court to withdraw approval for the plea.

The People contend that the matter must be remanded to the trial court because "merely striking any portion of the probationary term that exceeds two years for most felonies deprives the superior court and the parties of a necessary determination of the status of the probation at the time it was terminated." The People are mistaken. Defendant was granted probation on June 16, 2020. If we reduce the term to two years, defendant's term of probation would continue until June 16, 2022. Modifying defendant's term of probation would not terminate his term of probation.

Ordinarily, we would remand the matter to the trial court for resentencing in light of the changed circumstances when a sentence must be modified. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, the trial court may modify the terms and conditions of probation (and the parties may move the court to do so) any time before the termination of probation. (§§ 1203.2, subd. (b)(1), 1203.3, subd. (a).) As a result, remand for resentencing would serve no practical purpose. (See *People v. Quinn*, *supra*, 59 Cal.App.5th at pp. 879–885 & fn. 6 [modifying the term of probation without remanding for resentencing].) Because the trial court retains jurisdiction to modify the terms and conditions of probation, we will not remand for resentencing.

## DISPOSITION

Defendant's term of probation is reduced to two years. The trial court is directed to issue an amended minute order reflecting the modification, and to notify the probation department of the change to defendant's term of probation. As modified, the judgment is affirmed.

People's agreement not to allege that prior conviction was part of the basis for the plea. Defendant's plea was an open plea.