Filed 11/18/21  P. v. Haney CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081735 |
| Plaintiff and Respondent, | (Super. Ct. No. DF014703A) |
| v. | |
| KEVIN ANDREW HANEY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Kevin Andrew Haney pled no contest to felony possession of marijuana in a prison in violation of Penal Code section 4573.6.[1] His plea agreement included a term that permitted him to appeal the question of whether possession of less than 28.5 grams of marijuana (not in the form of concentrated cannabis) in prison remained a crime in light of the changes in the law effected by the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64). He now appeals contending that Proposition 64 decriminalized the offense for which he was convicted. The People disagree.

While defendant's appeal was pending, the Governor signed Assembly Bill Nos. 1869 (Assembly Bill 1869) and 1950 (Assembly Bill 1950) (2019–2020 Reg. Sess.). We afforded the parties an opportunity to submit supplemental briefing regarding the impact of Assembly Bill 1950 on defendant's three-year term of probation and the impact of Assembly Bill 1869 on the imposed probation supervision costs. The parties agree that defendant's term of probation must be reduced to two years and the costs imposed for probation supervision are unenforceable and uncollectable. We affirm defendant's conviction, reduce his term of probation to two years, strike the condition of his probation requiring him to pay the cost of his probation supervision, and remand to the trial court for the limited purpose of determining whether the term of probation was a material term of the plea agreement.

## PROCEDURAL SUMMARY

On October 18, 2019, the Kern County District Attorney filed a complaint charging defendant with felony possession of marijuana in a state prison (§ 4573.6, subd. (a); count 1). The complaint further alleged that defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(j), 1170.12, subds. (a)–(d)) and had served a prior prison term (§ 667.5, subd. (b)).

---

[1] All further statutory references are to the Penal Code.

On January 9, 2020, pursuant to a negotiated plea agreement, defendant pled no contest to count 1 and admitted the prior strike conviction. In exchange, the plea agreement required dismissal of the prior prison term allegation and a term of four years, suspended pending completion of felony probation. The duration of probation was not negotiated in the plea agreement, but the plea agreement did specify that the maximum term of probation was five years. The plea agreement also provided that defendant could appeal the conviction on Proposition 64 grounds.

On the same date, on defendant's motion, the trial court struck the prior strike conviction allegation pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On September 3, 2020, the trial court suspended imposition of sentence and granted defendant probation for a term of three years. The court further ordered defendant to pay various costs, fines, and fees, including the cost of probation supervision in the amount of $40 per month.

On September 8, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

Defendant possessed marijuana while in custody in a state prison.

## DISCUSSION

### A. *Possession of Marijuana in Prison*

Until recently, California Courts of Appeal were split on the issue of whether possession of less than 28.5 grams of marijuana in prison remained a crime after Proposition 64 became effective. Our Supreme Court has resolved that split. "[P]ossession of cannabis in prison remains a violation of Penal Code section 4573.6." (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060.) We are bound by our Supreme Court's holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) For that reason, we affirm defendant's conviction.

## B. Assembly Bill 1950

### 1. Applicability

Effective January 1, 2021, Assembly Bill 1950 amended section 1203.1 (Stats. 2020, ch. 328, § 2) to limit the maximum probation term a trial court is authorized to impose for most felony offenses to two years. (§ 1203.1, subds. (a) & (m).) "[T]he … limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity." (*People v. Sims* (2021) 59 Cal.App.5th 943, 964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.) Therefore, the amendment to section 1203.1 applies to all cases not final on Assembly Bill 1950's effective date. (*Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to a term of felony probation exceeding two years for a crime of conviction that is not a violent felony exempted from the two-year limit on felony probation. (§§ 1203.1, subd. (m), 667.5, subd. (c).)[2] We agree. Defendant is entitled to the benefit of Assembly Bill 1950.

### 2. Remedy

The parties disagree on the appropriate remedy—defendant contends we should modify his term of probation; the People contend we should remand the matter to the trial court to modify the terms of probation and permit the People to withdraw from the plea agreement or the trial court to rescind its approval for the agreement and return the parties to the status quo ante. We modify the term of probation to two years consistent with Assembly Bill 1950. However, because we cannot determine from the record whether the five-year maximum term of probation was a material term of the parties

---

[2]    Possession of marijuana in a prison (§ 4573.6) is not a violent felony offense excluded from section 1203.1, subdivision (a)'s two-year limit on duration of felony probation by section 1203.1, subdivision (m).

negotiation of the plea agreement or of the trial court's acceptance of the plea agreement, we must remand for the trial court to make that determination. If so, the People and the trial court must be afforded the opportunity to withdraw approval of the plea in light of the modification to the term of probation.

In *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), our Supreme Court concluded that a defendant was entitled to the benefit of an ameliorative change in the law— specifically, pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.), he was entitled to have the matter remanded for the trial court to exercise its discretion to strike a serious felony conviction enhancement in the interest of justice. (*Stamps*, *supra*, 9 Cal.5th at p. 699.) However, because the serious felony conviction enhancement was imposed as part of a negotiated stipulated sentence, if the trial court exercised its discretion to strike the enhancement, the People and the trial court were permitted to withdraw approval for the plea agreement. (*Stamps*, at pp. 707–708.) The defendant was not permitted " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact ….' " ' " (*Id*. at p. 706.)

The *Stamps* court made clear, however, that the situation would have been different if the defendant had stood convicted "as a result of trial or an open plea of guilty as charged …." (*Stamps*, *supra*, 9 Cal.5th at p. 700; *People v. Hernandez* (2020) 55 Cal.App.5th 942, 952–953 (review granted Jan. 27, 2021, S265739).) " '[T]he process of plea negotiation "contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] … Judicial approval is an essential condition precedent to the effectiveness of the 'bargain' worked out by the defense and prosecution. [Citations.]" ' " (*Hernandez*, at p. 948.) However, when a defendant enters an open plea to all counts, "there is no requirement that the People consent" or the court approve the plea. (*People v. Vessell* (1995) 36 Cal.App.4th 285, 296.) Where a defendant enters an open plea, the sentence can be modified because it is not imposed pursuant to a negotiated plea agreement and is therefore not inconsistent with a negotiated plea

agreement. (See *Stamps*, at p. 700, quoting § 1192.5 [" 'Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant … cannot be sentenced on the plea to a punishment more severe than that specified in the plea and *the court may not proceed as to the plea other than as specified in the plea*.' "].)

Here, defendant entered a plea of no contest in exchange for dismissal of the prior strike conviction allegation and a four-year term of imprisonment, suspended pending the successful completion of his term of probation. The duration of the term of probation was not negotiated except that a maximum term of five years was specified. However, neither did defendant enter into an open plea for which no judicial approval was required. For the plea agreement to have been accepted, the trial court had to approve the terms of the plea agreement. (*People v. Hernandez*, *supra*, 55 Cal.App.5th at p. 948.) If the plea agreement had specified a maximum term of probation of two years, the trial court may not have accepted the plea (and the People may not have offered the plea on such terms). We therefore must remand the matter for the trial court to determine whether the maximum duration of probation was a material term of the plea agreement or the court's acceptance of the plea agreement. If so, the People and the trial court must be afforded an opportunity to withdraw approval for the plea.

### C. Assembly Bill 1869

Operative July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, which previously allowed collection of costs for probation supervision. (Stats. 2020, ch. 92, §§ 2, 11, 47, 62.) The parties agree that the unpaid balance on the trial court's order requiring defendant to pay the costs for his probation supervision is now unenforceable and uncollectable. We strike the portion of the order requiring defendant to pay costs of probation supervision imposed pursuant to former section 1203.1b.

## DISPOSITION

Defendant's term of probation is modified to two years and the portion of the judgment requiring defendant to pay costs of probation supervision is stricken. The matter is remanded for the limited purpose of permitting the trial court to determine whether the duration of the term of probation was a material term of the plea agreement or of its acceptance of the plea agreement. If so, the trial court and the People shall be afforded an opportunity to withdraw from the plea agreement.