Filed 1/3/22  P. v. Gibson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BRITTNEY JDAWN GIBSON, <br><br> Defendant and Appellant. | F080170 <br><br> (Super. Ct. No. CRF47483) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Jared G. Coleman for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Peña, J. and Meehan, J.

Defendant Brittney Jdawn Gibson pled guilty to felony possession of marijuana in a state prison in violation of Penal Code section 4573.6.[1]  She later petitioned for resentencing or dismissal of her conviction pursuant to section 11361.8 of the Health and Safety Code, added by the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64), contending that the offense had been decriminalized because she possessed less than 28.5 grams of marijuana not in the form of concentrated cannabis. The trial court recognized that California Courts of Appeal were split on the issue.  The trial court concluded that Proposition 64 did not decriminalize possession of cannabis at a correctional institution.  Defendant contends that was error.  Our Supreme Court recently resolved the prior split among the California Courts of Appeal, concluding that "possession of cannabis in prison remains a violation of … section 4573.6."  (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060.)

While defendant's appeal was pending, the Governor signed Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950).  We afforded the parties an opportunity to submit supplemental briefing regarding the impact of Assembly Bill 1950 on defendant's five-year term of probation.  The parties agree that defendant is entitled to the benefit of Assembly Bill 1950, but they disagree on the appropriate remedy.  We vacate the order granting defendant probation and remand the matter to permit the trial court and the People an opportunity to withdraw from the plea agreement or accede to a lesser term of probation.

## PROCEDURAL SUMMARY

On June 26, 2015, the Tuolumne County District Attorney filed a complaint, later deemed an information, charging defendant with felony possession of contraband in prison (§ 4573.6, subd. (a); count 1), unlawful taking or driving of a vehicle (Veh. Code,

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2.

§ 10851, subd. (a); count 2), child abuse (§ 273a, subd. (a); count 3), and receiving a stolen motor vehicle (§ 496d, subd. (a); count 4).

On January 4, 2016, pursuant to a plea agreement, defendant pled guilty to count 1 in exchange for dismissal of counts 2 through 4 and a grant of five years of felony probation with no early termination. On May 16, 2016, the trial court imposed the negotiated sentence.

On February 28, 2018, defendant's probation was revoked. Probation was then reinstated with a termination date of December 8, 2022.

On August 19, 2019, defendant filed a petition for resentencing under Health and Safety Code section 11361.8, subdivision (b). On September 30, 2019, the trial court denied defendant's petition.

On October 4, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On June 13, 2015, defendant drove to the entrance gate at the Department of Corrections and Rehabilitation, Sierra Conservation Center. Her child sat in a car seat in the backseat of the vehicle. The gate entrance officer directed defendant to roll down her window. When she did so, the gate entrance officer smelled "a strong odor of marijuana emanating from the vehicle." Defendant gave consent for officers to search her vehicle. They discovered 2.221 grams of marijuana beneath the harness padding of the child's car seat and marijuana wrapped into a brown cigar paper in defendant's purse.

## DISCUSSION

### Proposition 64 and Section 4573.6

Until recently, California Courts of Appeal were split on the issue of whether possession of less than 28.5 grams of marijuana in prison remained a crime after Proposition 64 became effective. Our Supreme Court resolved that split. "[P]ossession of cannabis in prison remains a violation of … section 4573.6." (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060.) We are bound by our Supreme Court's holding. (*Auto*

3.

*Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Defendant's petition

was therefore properly denied on the merits.

### Assembly Bill 1950

### A.  Applicability

Effective January 1, 2021, Assembly Bill 1950 amended section 1203.1
(Stats. 2020, ch. 328, § 2) to limit the maximum probation term a trial court is authorized
to impose for most felony offenses to two years.  (§ 1203.1, subds. (a) & (m).)  "[T]he …
limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative
change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d
740] presumption of retroactivity."  (*People v. Sims* (2021) 59 Cal.App.5th 943, 964;
accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.)  Therefore, the
amendment to section 1203.1 applies to all cases not final on Assembly Bill 1950's
effective date.  (*Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and she
was sentenced to a term of felony probation exceeding two years for a crime of
conviction that is not a violent felony exempted from the two-year limit on felony
probation.  (§§ 1203.1, subd. (m), 667.5, subd. (c).)[2]  We agree.  Defendant is entitled to
the benefit of Assembly Bill 1950.

### B.  Remedy

The parties disagree on the appropriate remedy—defendant contends we should
modify her term of probation; the People contend we should remand the matter to the
trial court to modify the term of probation and permit the People to withdraw from the
plea agreement or the trial court to rescind its approval for the agreement and return the
parties to the status quo ante.  Because defendant's term of probation is inconsistent with

---

**2**     Possession of marijuana in a prison (§ 4573.6) is not a violent felony offense
excluded from section 1203.1, subdivision (a)'s two-year limit on duration of felony
probation by section 1203.1, subdivision (m).

Assembly Bill 1950, we vacate the order granting defendant probation. However, because a five-year term of probation was a negotiated term of the plea agreement, we cannot simply reduce the term of probation; we must remand for the People and the trial court to be afforded the opportunity to withdraw approval of the plea in light of the modification to the term of probation.

In *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), our Supreme Court concluded that a defendant was entitled to the benefit of an ameliorative change in the law—specifically, pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.), he was entitled to have the matter remanded for the trial court to exercise its discretion to strike a serious felony conviction enhancement in the interest of justice. (*Stamps*, *supra*, 9 Cal.5th at p. 699.) However, because the serious felony conviction enhancement was imposed as part of a negotiated stipulated sentence, if the trial court exercised its discretion to strike the enhancement, the People and the trial court were permitted to withdraw approval for the plea agreement. (*Stamps*, at pp. 707–708.) The defendant was not permitted " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact ….' " ' " (*Id.* at p. 706.)

The *Stamps* court made clear, however, that the situation would have been different if the defendant had stood convicted "as a result of trial or an open plea of guilty as charged …." (*Stamps*, *supra*, 9 Cal.5th at p. 700.) "[T]he process of plea negotiation 'contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] … Judicial approval is an essential condition precedent to the effectiveness of the "bargain" worked out by the defense and prosecution. [Citations.]' " (*People v. Segura* (2008) 44 Cal.4th 921, 929–930.) However, when a defendant enters an open plea to all counts, "there is no requirement that the People consent" or the court approve the plea. (*People v. Vessell* (1995) 36 Cal.App.4th 285, 296.) Where a defendant enters an open plea, the sentence can be modified because it is not imposed pursuant to a negotiated plea agreement and is therefore not inconsistent with a

negotiated plea agreement.  (See *Stamps*, at p. 700, quoting § 1192.5 ["Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant … cannot be sentenced on the plea to a punishment more severe than that specified in the plea and *the court may not proceed as to the plea other than as specified in the plea*."].)  (Italics added.)

Here, pursuant to a negotiated plea agreement, defendant pled guilty on count 1 in exchange for dismissal of counts 2 through 4 and a grant of probation for five years with no option for early termination.  The duration of the term of probation was clearly a significant, negotiated term of the plea agreement.  We therefore must vacate the five-year term of probation and remand the matter for the People and the trial court to be afforded an opportunity to withdraw approval for the plea agreement or accede to a term of probation not to exceed two years.

## DISPOSITION

The order granting defendant a five-year term of probation is vacated.  The matter is remanded to the trial court.  On remand, the People and the trial court shall be afforded an opportunity to withdraw approval for the plea or accede to a term of probation not to exceed two years as required by Assembly Bill 1950.