[No. D022102. Fourth Dist., Div. One. Oct. 21, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
CARL LEO SMITH, Defendant and Respondent.

**COUNSEL**

Paul J. Pfingst, District Attorney, Thomas F. McArdle, Charles Nickel, Paul M. Morley and James E. Atkins, Deputy District Attorneys, for Plaintiff and Appellant.

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**HUFFMAN, J.**—This is an appeal by the People after the trial court struck the serious/violent prior felony conviction in order to avoid the harsh penalties of the three strikes law (Pen. Code, § 667, subds. (b)-(i)).[1]

Carl Leo Smith pled guilty to all charges in the information and admitted the alleged prior felony convictions after the court advised him the court believed the sentence of 25 years to life which would be required by section 667, subdivision (e) would be unconstitutional. At sentencing, the court struck the two serious/violent felony prior convictions alleged under section 667, subdivisions (d) and (e), and imposed a determinate term. Smith was

---

[1]All statutory references are to the Penal Code.

sentenced to a four-year term consisting of the upper term of three years for the offense of possession of cocaine and one year for a prison prior within the meaning of section 667.5, subdivision (b).

The People appealed, contending the trial court lacked the power to strike the serious/violent felony priors. We originally agreed with the People, reversed the judgment, and found the sentence of 25 years to life was not cruel and unusual punishment under the circumstances. Thereafter, the Supreme Court filed its opinion in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. We granted rehearing on our own motion to consider the impact of the Supreme Court's decision on this case. Since then we requested supplemental briefing on the question of whether the trial court properly exercised its discretion in making and recording its decision to strike the priors in this case.

Having considered the *Romero* opinion and the supplemental briefing, we conclude the judgment must be reversed and the case remanded for the trial court to properly exercise its discretion in accordance with the guidelines set forth in *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497. Depending on the decision reached by the trial court on remand, the court will be able to address the question of whether the plea should be set aside if requested to do so.[2]

## DISCUSSION

After the sentencing in this case the Supreme Court made clear in *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, that trial courts do have the power under section 1385 to strike serious/violent felony priors in the furtherance of justice. Hence, the trial court was correct in its determination that it had such power.

The court in *Romero*, while confirming the power to strike such priors, took pains to make clear such discretion is not boundless but must be exercised strictly within the requirements of section 1385. (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th at pp. 530-531.) Personal antipathy for the law or a belief the law is unwise is not a justification for striking priors to avoid its application. The court in *Romero* cited with approval *People* v. *Dent* (1995) 38 Cal.App.4th 1726 [45 Cal.Rptr.2d 746] which found an abuse of discretion by a trial court for reducing an offense to a misdemeanor for purposes of avoiding the application of the new statute.

[2]In light of our decision to remand for further proceedings, we need not reach the question of whether the sentence required by the three strikes statute would be cruel and unusual. We have previously expressed our view the sentence would be constitutional. On reconsidering Smith's request to strike the priors, the trial court may be wise to look elsewhere for justification should it desire to make the same decision it did before.

Nor can a trial court ignore the interest of the public acting through the prosecutor in the enforcement of the penal provisions of the law. (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Superior Court* (*Flores*) (1989) 214 Cal.App.3d 127, 144 [262 Cal.Rptr. 576].) Rather, a decision to strike an admitted serious/violent felony conviction must be based on those considerations as would motivate any reasonable judge to make such decision. Disagreement with the statute as passed or the policies of the prosecutor on a countywide basis are not valid reasons to make a decision to strike a prior.

■ Turning to the record in this case, both parties correctly observe it to be fatally flawed. Section 1385 requires a court to enter its reasons for the exercise of the considerable power it exercises with a decision to strike or dismiss. (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501]; *People* v. *Superior Court* (*Flores*), *supra*, 214 Cal.App.3d at p. 136.) Here, the minutes state no reason whatever for the striking of the priors.

Further, we have doubts on this record as to whether the court used proper reasons applicable to this defendant, his crime, and his extensive criminal history. First, it is apparent the trial court intended to strike the priors before the first recorded proceeding. Our record, like a novel, begins with a courtroom scene. The court record begins with the taking of the plea with the court stating during that process: "I am of the opinion that at this point in time, given your record, that this sentence of life in prison would be constitutionally unfair *and that my intent is to sentence you, and your maximum exposure without the allegation would be up to five years in state prison.*" (Italics added.)[3]

It is thus clear the court had its mind made up long before it made its comments at sentencing. However, even the court's comments at sentencing give us some pause. The court said, in part, during its lengthy discourse:

"Number two, [section] 1385 of the Penal Code allows the court discretion in the interests of justice to look at a case and do what, quote, is right or what is justice in its face. Tragically or unfortunately, however it is to be looked at, it appears to this court at least that the District Attorney of this county is either unable or unwilling to exercise any discretion as it relates to either charging the [section] 667 [, subdivisions] (d) and (e) allegation or striking it, but, rather elects to charge it in all cases and not strike it in any except one that I know of in the North County. And I have been advised by at least one judge in the North County that that was a mistake, that the young

---

[3]As we have previously noted, we have some considerable doubt that the sentence otherwise required would be unconstitutional.

deputy D.A. probably exercised too much independent discretion. At any rate, I'm aware that there is a panel supposedly that looks at these, but at this point in time I'm not aware of the D.A. striking any of them.

"And the final point is this: I sit up here for a reason, and the reason I sit up here is twenty-five years of experience in this community, twenty-five years in criminal justice, as a prosecutor, as a defense lawyer, and since January of 1983 as a judge. I have seen thousands, if not tens of thousands, of one- and two-rock cocaine cases, as have [*sic*] probably everybody in this room. To suggest that a drunk driving with two rocks of cocaine an appropriate sentence [*sic*] is twenty-five years to life in state prison is preposterous and ludicrous on its face. As a matter of fact, I would like to see the D.A. that would get in front of a jury and argue that. The problem is it will never happen, and it won't happen because, number one, I couldn't allow it to happen.

"But the bottom line is very simple. It's an allegation. It's an allegation that leads directly to a prison commit for life. Now, if the Legislature really wants to do that, they ought to throw it out in the public and make that a decision made by a jury or in the alternative strike it as it relates to non-violent felonies.

"One way or the other, for two rocks of cocaine, until a Court of Appeal[] or the Supreme Court tells me that that's a fair sentence, it's outrageous in my opinion. It definitely constitutes, based on all of my experience and everything I have ever seen, a grossly disproportionate sentence. And, as a result, I'm going to find that it also is a cruel and unusual sentence or disposition as it relates to this defendant on these facts, which is basically two flat tires, erratic driving, presence of alcohol, two rocks of cocaine. I'm sure there may be cases where non-violent felonies justify life in prison, but this certainly isn't one of them.

"For all of those reasons and recognizing the People of the State of California through their District Attorney in this county object and take the position I have no such authority, I am at this time striking the allegation under [section] 667[, subdivisions] (d) and (e).

"Now, in analyzing this particular defendant, the following sentencing rules are applicable: Number one, he has an extensive criminal record. Number two, he has a substance abuse problem. Number three, he was on parole at the time this incident occurred. And, as a result, he's either unable or unwilling to keep from violating the law. And to a certain extent I'm going to have to find that he constitutes a danger to the public because on

this occasion, quite frankly, Mr. Smith, you were very fortunate that you were driving under the influence of alcohol clearly on this particular night. For all of those reasons probation is denied. The defendant has a serious and substantial prior record. He was on parole at the time. All of which justifies the imposition of the upper term of three years on the base count."

It is apparent from the court's remarks that the court was motivated by a number of factors. The remarks express a clear antipathy for the statute and a sense of frustration based on its belief as to the manner in which the prosecutor, on a countywide basis, exercises its discretion. The court also repeats its belief that a life sentence is disproportionate for this offense. The court, however, gave no weight to Smith's record. Yet, at sentencing, the court imposed both an upper term and an enhancement based on a record, now fully revealed at sentencing, demonstrating 29 years of criminal history. Therefore, we find the verbal reasons based more heavily on judicial disagreement with the law than any reasoned analysis of Smith's criminal history and the facts of the offense.

■ Finally, Smith contends we cannot reach the issue of abuse of discretion because the prosecutor failed to raise the issue at trial. (*People* v. *Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) We disagree.

First, the prosecutor did object to the striking of the priors, although on the grounds of lack of power to do so. Second, it is plain the trial court knew what action it was going to take long before a sentencing hearing. It is highly doubtful prosecutorial input was desired or would have been effective under the circumstances. Finally, the law was clearly in flux during that period. Considerable debate raged on the question of whether or not trial courts even had such power, let alone the manner of its exercise. It was not until the court in *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497 resolved the issue that we could fully understand and apply the trial court's discretion to striking priors such as those in this case. Thus, we cannot apply waiver to the facts in this record. Certainly, in cases after *Romero* the prosecutor is subject to the waiver provisions of *Scott* if timely objection on specific grounds is not made.

In sum, we find the trial court abused its discretion in striking the two serious/violent felony prior convictions by failing to state reasons in the minutes and for basing its decision on impermissible grounds. We do not, however, express any opinion as to whether an order striking such priors can or cannot be made on other grounds on remand. All we conclude is this record does not support such a decision and any future order striking priors must comply with the guidelines in *Romero*.

## DISPOSITION

The judgment is reversed and the case remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

Work, Acting P. J., and Haller, J., concurred.